IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **STILES PINKSTON, ON BEHALF OF CHAZ PINKSTON** | **PETITIONER** |
| **VERSUS** | **CIVIL ACTION NO. 3:15cv786-CWR-MTP** |
| **ROBERT SCHULER SMITH** | **RESPONDENT** |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT are the 28 U.S.C. § 2254 habeas Petition [1] and Memorandum in Support [2], filed by Stiles Pinkston, on behalf of his brother Chaz Pinkston. Stiles brings this action *pro se* and alleges that Chaz was illegally convicted of armed robbery in the Circuit Court of Hinds County, Mississippi, First Judicial District. Stiles seeks Chaz's immediate release.

### BACKGROUND

On October 30, 2015, Stiles filed this habeas action on behalf of Chaz. Only Stiles has signed the Petition. He alleges that in 2008, Chaz was prosecuted for armed robbery in Hinds County. Stiles contends that Chaz is currently incarcerated at the Mississippi State Penitentiary.

Stiles claims that the State of Mississippi and the trial court were without jurisdiction over the criminal case, because the State court documents spell Chaz's name in all capital letters, he "is a natural born citizen of the United States" as opposed to "an artificial juristic, or statutory person," he owes no contractual duties to the State of Mississippi, and there was allegedly no order setting bail nor a criminal complaint. (Pet. at 5). Stiles also attacks the indictment, credibility of witnesses, alleged discovery violations, sufficiency of the evidence, admissibility of Chaz's confession, effectiveness of trial counsel, and preliminary hearing.

This is the second such action brought by Stiles on behalf of Chaz. The first was *Pinkston, ex rel. Pinkston v. Smith*, 3:15cv746-HTW-LRA, filed October 15, 2015. On October 23, United States District Judge Henry T. Wingate dismissed that action, finding that Stiles was not a proper next friend. Seven days later, Stiles filed the instant Petition. The two are nearly identical except for a change in the alleged arrest date, corrections to typographical errors in the spelling of Stiles's first name, and the deletion of a footer. Additionally, Stiles has now filed a one page Memorandum, attempting this time to plead why he is a suitable next friend.

## DISCUSSION

A non-lawyer cannot represent another person in federal court. *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). Therefore, Stiles may not represent Chaz in this civil action.

Nevertheless, a habeas petition may be signed by "someone acting in . . . behalf" of the "person for whose relief it is intended." 28 U.S.C. § 2242. This practice refers to a petition filed by a next friend of the prisoner. "However, a 'next friend' may not file a petition in every case in which the person actually detained might file a petition." *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978). Rather, Stiles has the burden to clearly establish that he is the appropriate person to file this petition as a next friend, on behalf of Chaz. *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990). If Stiles fails to carry this burden, then the Court is without jurisdiction to entertain the Petition. *Id.* There are at least two prerequisites to satisfy this showing:

> First, a "next friend" must provide an adequate explanation such as inaccessibility, mental incompetence, or other disability why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Id.* at 163-64 (citations omitted).  Importantly, "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law." *Weber*, 570 F.2d at 514.  The Fifth Circuit Court of Appeals has provided illustrations of the proper use of next friend petitions, which include the prisoner's "[i]nability to understand English or the situation, . . . impossibility of access to the person, or mental incapacity." *Id.* at n.4.

Stiles claims simply that he is Chaz's brother, Chaz "has been blocked from the law . . . library," and that unspecified papers were stolen from him while in prison. (Mem. in Support). "Therefore he cannot appear to prosecute the action himself because of inaccessibility to the law library and his papers being stolen." *Id.*  Stiles contends that Chaz can be reached by mail and that "Chaz and his family ha[ve] written the prison Warden about not having access to the library and not getting his mail, to no avail." *Id.*; (Pet. at 1).

The Northern District of Florida rejected a similar claim.  *Evans v. McNeil*, No. 3:06cv379, 2008 U.S. Dist. LEXIS 124885 (N.D. Fla. May 12, 2008).  In *Evans v. McNeil*, the prisoner's father had moved to file a state petition, on the prisoner's behalf, as next friend.  *Id.* at *24.  The prisoner's "father had argued that the jail's system of research denied Petitioner access to the courts." *Id.* at *26.  The state court denied the father's petition to proceed as next friend.  *Id.* at *24.  The prisoner then complained to the federal court that the state court erred in this respect.  *Id.*  The Northern District of Florida disagreed with the prisoner.  *Id.* at * 27.  It held that the father's argument fell "far short of demonstrating that [the prisoner] was unable to appear on his own behalf or through legal counsel . . . . or that [the prisoner] was unable to sign and verify the habeas petition that [his father] had prepared." *Id.*

Likewise, Stiles does not claim that Chaz is inaccessible or that Chaz cannot access the Court himself. Rather, Stiles contends that Chaz cannot access a law library or his papers. In other words, Chaz is not educated in the law. It is not clear why it is preferable for Stiles, himself a non-attorney, to file these habeas claims, rather than Chaz. It is admitted that Chaz is able to write and communicate with others. The inaccessibility Stiles complains of simply is not the kind that warrants resort to the next friend device.

Further illustrating this principle is *Hamdi v. Rumsfeld*, 243 F. Supp. 2d 527 (E.D. Va. 2002), *rev'd*, 316 F.3d 450 (4th Cir. 2003), *vacated* 540 U.S. 1099 (2004). Like *Evans*, that case involved a father, moving *pro se*, to file a habeas petition on behalf of his son. *Hamdi*, 243 F.Supp.2d at 529. Unlike *Evans*, the Eastern District of Virginia held the father was a proper next friend. *Id.* The difference was the inaccessibility to the prisoner and of the prisoner. The court noted, "This case appears to be the first in American jurisprudence where an American citizen has been held incommunicado and subjected to an indefinite detention . . . without charges . . . and without access to a lawyer." *Id.* at 528. The court then appointed the public defender to the case--the same public defender who had earlier moved himself to proceed as the prisoner's next friend. *Id.* at 529. On appeal, the United States Supreme Court did not revisit the issue of whether the father was a proper next friend. *Hamdi v. Rumsfeld*, 542 U.S. 507 (2004). At that point, the Supreme Court found that for three years, the prisoner had no contact with his father, access to counsel, or even notice of the charges. *Id.* at 511. Furthermore, the Government did not permit the prisoner to speak for himself, or through counsel, in the habeas proceedings. *Id.* at 526.

*Hamdi* is a far cry from this case, where the prisoner is only said to be "blocked from the law . . . library" and unknown "papers." Stiles still fails to adequately explain why Chaz cannot sign the

Petition nor prosecute his own habeas case.  Stiles once again lacks standing to proceed as next friend, and this case is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE**.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 17th day of November, 2015.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE